Filed 8/25/16  P. v. Donaldson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SCOTT DONALDSON,<br><br>    Defendant and Appellant. | G052267<br><br>(Super. Ct. No. 11HF2953)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Samantha Begovich, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Scott Donaldson was convicted of vandalism and assault, stemming from a violent argument with his wife. The argument stopped when their then nine-year-old son entered the house. Defendant left immediately with their son because defendant did not want him to be upset when the police arrived.

One of defendant's probation conditions was to participate in a domestic violence batterer's treatment program, including a parenting component. Defendant challenges the parenting component on two grounds: (1) there was no evidence that he was not a good parent, and (2) the parenting component was not reasonably related either to the crimes of which he was convicted or to preventing future criminality. We conclude the trial court did not err by requiring the parenting component as part of defendant's probation conditions. At a minimum, defendant exposed his young son to a violent episode between his parents. It was well within the court's broad exercise of discretion to impose a probation condition that could help prevent exposing defendant's son to further violence in the future.

We therefore affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant was married to Susan Donaldson (Susan); they had a nine-year-old son. In November 2011, after they had separated, defendant left obscene and threatening messages on Susan's phone.

On November 30, 2011, defendant went to Susan's house; their son was with defendant in his truck. The son stayed in the truck when defendant forced his way into Susan's house by splitting and breaking down the door with a tiki statue. Defendant began screaming at Susan and punched her in the stomach, knocking the wind out of her

2

and causing her to fall. Defendant broke several items in Susan's house with a baseball bat.

A neighbor, who lived three houses down from Susan, heard defendant yell, "I'm going to kill you," and heard glass breaking. The neighbor also heard a female voice yelling for help, and called 911.

Defendant heard someone yell that the police had been called. Defendant and Susan stopped arguing when their son entered the house. Defendant admitted his son "didn't need to see any of this," so he left with him. Defendant was worried the police would approach him with "guns drawn," which he knew would cause his son to "freak out."

At trial, defendant stated that he believed he, Susan, and their son were all victims, and defendant partially blamed Susan for what had happened.

Defendant was charged in an information with first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a)), felony vandalism (*id.*, § 594, subds. (a), (b)(1)), making a criminal threat (*id.*, § 422), misdemeanor domestic violence battery (*id.*, § 243, subd. (e)(1)), and making annoying telephone calls (*id.*, § 653m, subd. (b)). The information alleged that a nonaccomplice was present during the burglary. (*Id.*, § 667.5, subd. (c)(21).)

The jury found defendant not guilty of counts 1 through 4, as alleged, but guilty of the lesser included offenses of misdemeanor vandalism on count 2, and misdemeanor assault on count 4. The jury found defendant guilty of count 5.

The trial court suspended imposition of sentence and placed defendant on three years' informal probation, on the condition that he either serve 30 days in jail or complete 60 hours of community service, complete a domestic violence batterer's treatment program, including a parenting component, and have no contact with Susan.

DISCUSSION

Trial courts have broad discretion to impose reasonable probation conditions "to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486.) "[A]ll three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

Here, the probation condition required defendant to attend a batterer's treatment program with a parenting component. Defendant challenges only the requirement of the parenting component, on the grounds that he was an exemplary parent, and the parenting class neither related to the crimes of which he was convicted, nor was related to criminal conduct or to future criminality.

We conclude the trial court acted well within its broad discretion in imposing the parenting class requirement as part of defendant's probation conditions. Defendant was convicted of vandalism and assault, which stemmed from a violent outburst in Susan's home. Although defendant's son was outside when the outburst occurred, he entered the home immediately afterwards, and saw its result.

A neighbor, three doors down, heard glass breaking and heard defendant threaten to kill Susan, prompting the neighbor to call 911. The court could reasonably infer that defendant's son, who was outside, could also have heard the threats. Defendant also admitted he created a "felony" situation to which the police would respond with guns drawn, causing his son to "freak out." Based on the evidence, the trial court did not err by requiring a parenting component as part of a batterer's treatment program.

4

DISPOSITION

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

5